976 F.2d 47
 298 U.S.App.D.C. 99
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Irvin C. JETER, Appellant.
 No. 91-3220.
 United States Court of Appeals, District of Columbia Circuit.
 Sept. 16, 1992.
 
 Before BUCKLEY, SENTELLE and KAREN LeCRAFT HENDERSON, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for an opinion. See D.C.Cir.Rule 14(c). It is
 
 
 2
 ORDERED AND ADJUDGED that the conviction be affirmed. The officers were legitimately on the premises to execute a search warrant when they encountered the appellant. The broadcast description by the undercover officer provided the arrest team with reasonable, articulable suspicion to detain the appellant. See Terry v. Ohio, 392 U.S. 1, 21-22, 30 (1968); see also United States v. Hensley, 469 U.S. 221, 229 (1985). The undercover officer's ride-by identification of the appellant as a person who had previously sold drugs to him provided probable cause to arrest the appellant. See United States v. Rodney, 956 F.2d 295, 298 (D.C.Cir.1992) ("[P]robable cause exists if the totality of the circumstances, as viewed by a reasonable and prudent police officer in light of his training and experience, would lead that police officer to believe that a criminal offense has been or is being committed.") (citations omitted). Consequently, the district court's denial of the motion to suppress physical evidence and the identification testimony was proper as probable cause existed to arrest the appellant.
 
 
 3
 The district court's denial of the request for a missing evidence instruction was proper as well. Appellant failed to show that the jacket was peculiarly available to the government, that the jacket would eludicate the transaction, and that production of the jacket would have been unfavorable to the government. See Graves v. United States, 150 U.S. 118, 121 (1893) (establishing missing witness doctrine when "a party has it peculiarly within his power to produce witnesses whose testimony would elucidate the transaction, the fact that he does not do it creates the [inference] that the testimony, if produced would be unfavorable."); United States v. Bundy, 472 F.2d 1266, 1269 (D.C.Cir.1972) (Leventhal, J., concurring) (expanding missing witness doctrine to missing evidence). Finally, the evidence was sufficient to support the jury's verdict.
 
 
 4
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.